Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CONTINENTAL LORD, INC.<br><br>Apelante<br><br><br>v.<br><br><br>MUNICIPIO AUTÓNOMO DE BARRANQUITAS<br><br>Apelado | TA2026AP00200 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Comerío<br><br>Caso número: BQ2025CV00031<br><br>Sobre: Sentencia declaratoria; arbitrios de construcción |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 16 de marzo de 2026.

Comparece la parte apelante, Continental Lord, Inc., mediante el recurso de epígrafe, y nos solicita que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Comerío, el 29 de diciembre de 2025. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Moción de Sentencia Sumaria* instada por la parte apelada, Municipio Autónomo de Barranquitas, mientras que declaró No Ha Lugar una solicitud de disposición sumaria que presentó, por su parte, la parte apelante.

Por los fundamentos que se exponen a continuación, se revoca la *Sentencia* apelada. En consecuencia, se le ordena a la parte apelada que le reembolse a la parte apelante los $71,303.49, que esta pagó por concepto de arbitrios de construcción.

**I**

El 6 de marzo de 2025, Continental Lord, Inc. (Continental o parte apelante), presentó una *Demanda* de sentencia declaratoria,

en contra del Municipio Autónomo de Barranquitas (el Municipio o parte apelada).[1] En específico, alegó que la Autoridad de Energía Eléctrica (AEE) lo contrató para realizar un trabajo de reemplazo de postes y alumbrado público, de conformidad con un contrato otorgado el 27 de junio de 2024,[2] el cual se encuentra vigente hasta el 26 de junio de 2026.

Continental arguyó que, el 31 de enero de 2025 y de conformidad con dicho contrato, el Municipio le notificó una factura ascendente a $71,303.49, por concepto de arbitrios de construcción sobre la obra a realizarse en la propiedad perteneciente a la AEE. En esencia, la parte apelada fundamentó la factura en su entendido de que, de conformidad con el Artículo 2.110(b)(a) de la Ley Núm. 107-2020, 21 LPRA sec. 7332(b)(2),[3] los trabajos están sujetos al pago de arbitrios de construcción. Alegó, además, que como requisito para expedir su endoso a la obra, el Municipio le requirió el pago de la mencionada cuantía. Por consiguiente, y según detalló en la *Demanda*, el 14 de febrero de 2025, Continental realizó el pago requerido, aunque bajo protesta, al amparo del Artículo 2.110(c) de la Ley Núm. 107-2020, 21 LPRA sec. 7332(c). Ello, con el propósito de poder dar comienzo a la obra en cuestión.

Sin embargo, Continental alegó que, el mismo día en que realizó el pago, le envió una comunicación al Municipio en la que manifestó que, a su juicio, los trabajos que se disponía a realizar no estaban sujetos al pago de arbitrios. Esto, en la medida que se realizarían en propiedad de la AEE, que ubica en territorio del Municipio y que está expresamente exenta, de conformidad con la Sección 22(a) de la Ley Núm. 83 de 2 de mayo de 1941, según

---

[1] Entrada núm. 1 del caso núm. BQ2025CV00031 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Contrato núm. 2024-L00627.
[3] Conocida como *Código Municipal de Puerto Rico*.

enmendada, 22 LPRA sec. 212(a).[4] Por su parte, el Municipio denegó la exención solicitada por Continental.

Insatisfecho, y de conformidad con lo dispuesto en el Artículo 2.110(c) de la Ley Núm. 107-2020, *supra*, Continental solicitó reconsideración oportunamente. Tras evaluarla, el 24 de febrero de 2025, el Director de Finanzas del Municipio le notificó a la parte apelante que denegaba su solicitud de reconsideración.[5]

En virtud de la *Demanda* de epígrafe, Continental solicitó como remedio que el foro *a quo* declarase que la exención en el pago de arbitrios de construcción aplicable a la AEE por virtud de la Ley Núm. 83, *supra*, le es extensiva y que le aplica igualmente. En la alternativa, requirió del foro primario que declarase que los trabajos por los que la AEE contrató a la parte apelante no son obras de construcción y que, por consiguiente, no están sujetos a arbitrios.

Por su parte, el 7 de mayo de 2025, el Municipio presentó una *Contestación a la Demanda* y, el 5 de junio de 2025, una *Moción de Sentencia Sumaria*.[6] Por su parte, el 24 de junio de 2025, Continental presentó un escrito en el que se opuso a la *Moción de Sentencia Sumaria* instada por el Municipio y, a su vez, solicitó la disposición sumaria del pleito a su favor.[7]

Tras la presentación de varios escritos posteriores de réplica, dúplica y tríplica, el 29 de diciembre de 2025, el foro primario emitió y notificó la *Sentencia* apelada.[8] Mediante esta, formuló quince (15) determinaciones de hechos incontrovertidos, a base de los cuales declaró Ha Lugar la *Moción de Sentencia Sumaria* instada por el Municipio, así como No Ha Lugar la solicitud análoga que presentó Continental. Las determinaciones de hechos formuladas por el foro *a quo* son las siguientes:

---

[4] Conocida como *Ley de la Autoridad de Energía Eléctrica de Puerto Rico*.
[5] Entrada núm. 15 del caso núm. BQ2025CV00031 del SUMAC. (Anejo 2).
[6] Entradas núm. 9, 15 y 16 del caso núm. BQ2025CV00031 del SUMAC.
[7] Entrada núm. 19 del caso núm. BQ2025CV00031 del SUMAC.
[8] Entrada núm. 29 del caso núm. BQ2025CV00031 del SUMAC.

1) Continental fue contratada por la A.E.E. para realizar el reemplazo de postes y alumbrado público existentes, bajo el contrato número 2024-L00627 otorgado el 27 de junio de 2024.

2) El 31 de enero de 2025, el Municipio le notificó a Continental una Factura donde se impone arbitrios de construcción y por ende el cobro de estos sobre los trabajos que Continental debe realizar en la propiedad perteneciente a la AEE según el referido contrato.

3) Mediante la Factura del 31 de enero de 2025 dirigida a Continental, el Municipio determinó, aplicando el Artículo 2.110 (b)(2) del Código Municipal, 21 L.P.R.A. 7332(b)(2), que los trabajos (llamados "obra") están sujetas al pago de arbitrios de construcción bajo el Código Municipal de 2020.

4) En la referida Factura el Municipio también determinó que Continental tenía la responsabilidad de pagar $71,302.49 [por concepto de] arbitrios de construcción sobre los trabajos a realizarse en el territorio del Municipio bajo Contrato y requirió su pago para poder expedir su endoso a los trabajos.

5) En vista de que el Municipio insistía imponer y recibir el pago del referido arbitrio de construcción antes de emitir su endoso y/o aprobación de las obras, y que la AEE necesitaba que se comenzaran los trabajos lo más pronto posible, para lo cual era requerido tener el endoso del Municipio, el 14 de febrero de 2025 Continental procedió a hacer el pago de $71,303.49 bajo protesta por los arbitrios notificados, al amparo del Artículo 2.110(c) del Código Municipal, 31 L.P.R.A. 7332(c).

6) El día 14 de febrero de 2025 Continental cursó una comunicación dirigida al Municipio donde expresó que los trabajos a ser realizados por Continental en el Municipio no estaban sujetos al pago de arbitrios de construcción. En dicho escrito Continental expresó, entre otros argumentos, que no procedía la imposición de los arbitrios de construcción por tratarse de unos trabajos a ser realizados en propiedad de la AEE y que la AEE está expresamente exenta del pago de arbitrios de construcción según lo dispone la sección 22(a) de la Ley Número 83 de 2 de mayo de 1941 (en adelante "Ley 83-1941").

7) También se le indicó al Municipio que los trabajos y el lugar donde se realizan pertenecen a la AEE y están en territorio del Municipio.

8) Dentro de los quince (15) días laborables establecidos en el Artículo 2.110(c) del Código Municipal, 31 L.P.R.A. 7332(c), el 18 de febrero de 2025, Continental le presentó al Municipio un escrito solicitando la reconsideración de la determinación del Municipio (Solicitud de Reconsideración), radicando dicha solicitud ante el

director de Finanzas y el Oficial de la Oficina de Recaudaciones ante quien se realizó el pago con copia del Recibo de Pago.

9) El 28 de febrero de 2024 venció el término de 10 días que dispone el Artículo 2.110(c) del Código Municipal para que el director de Finanzas del Municipio emita y notifique una determinación final sobre la Solicitud de Reconsideración.

10) El director de Finanzas del Municipio de Barranquitas envió la determinación final a Continental Lord, Inc. con fecha de 24 de febrero de 2025.

11) Continental se dedica al negocio de construcción e instalación de líneas eléctricas aérea y postes, líneas soterradas, subestaciones y transformadores.

12) El contrato formalizado entre Continental Lord, Inc. y la AEE, por conducto de su agente, LUMA, persigue el objetivo de reemplazar postes y alumbrado público existente en numerosos municipios que contempla el contrato.

13) Los trabajos a ser realizados en Barranquitas habrían de comenzar en o alrededor del mes de febrero de 2025.

14) La fecha de comienzo de los trabajos que Continental Lord, Inc. llevaría a cabo en el Municipio de Barranquitas, fue el 7 de febrero de 2025.

15) Conforme establecido en el "Task Order Form for Services and Equipment", emitido por LUMA, el trabajo a ser realizado en Barranquitas por Continental es uno de construcción. La misma lee de la siguiente manera:

Municipality of BARRANQUITAS: The following construction activities will be implemented to modernize and upgrade the streetlights as per the assessments that were completed:

Removal of existing Secondary poles with no 3-party attachment, Luminaires, Support Arms, Photocells, Wiring Install a new LUMA approved Secondary pole and foundation, LED (65w, 125w, or Turtle Amber) Luminaire, Support Arm, Photocell, and Wiring.

En desacuerdo, el 13 de enero de 2026, la parte apelante presentó una *Solicitud de Reconsideración*.[9] Por su parte, el 26 de enero de 2026, el Municipio presentó su escrito en oposición.[10]

---

[9] Entrada núm. 30 del caso núm. BQ2025CV00031 del SUMAC.
[10] Entrada núm. 31 del caso núm. BQ2025CV00031 del SUMAC.

Tras evaluar ambas posturas, el foro *a quo* declaró No Ha Lugar la reconsideración. Ello, mediante una *Orden* emitida y notificada el 26 de enero de 2026.[11]

Todavía inconforme, el 24 de febrero de 2026, la parte apelante acudió ante nos mediante el recurso de epígrafe, en el que adujo que el foro *a quo* cometió los errores siguientes:

Cometió grave error y abuso de discreción el Tribunal de Primera Instancia al concluir y aplicar la Ley de Municipios Autónomos (Ley Núm. 81-1991) que el Código Municipal derogó el 24 de agosto de 2020,[12] lo cual constituye un error de Derecho que vicia la Sentencia, demostrando así prejuicio, parcialidad, arbitrariedad, y error craso y manifiesto de Derecho.

Cometió error craso y manifiesto de Derecho y abuso de discreción el Tribunal de Primera Instancia al determinar que la enmienda que introdujo la Ley Número 215 del 17 de septiembre de 2024 (Ley 215-2024) tiene aplicación retroactiva, cuando la ley, los precedentes judiciales establecidos por el Tribunal Supremo y en el propio texto de la misma ley se dispone que aplica prospectivamente, demostrando así prejuicio, parcialidad y arbitrariedad.

Cometió error craso y manifiesto de Derecho y abuso de discreción el Tribunal de Primera Instancia al resolver que en un <u>contrato de tracto sucesivo</u> (como es el contrato del Apelante) según definido en nuestro ordenamiento jurídico, lo importante es cuando se llevará a cabo la obra y no cuando se firmó el contrato, demostrando así prejuicio, parcialidad y arbitrariedad.

Cometió error craso y manifiesto de Derecho y abuso de discreción el Tribunal de Primera Instancia al resolver que el formulario <u>Task Order Form es un contrato separado e independiente</u> del Contrato suscrito por el Apelante y la Autoridad de Energía Eléctrica (AEE) el 27 de junio de 2024, y no es parte del contrato de tracto sucesivo del Apelante con la AEE, demostrando así prejuicio, parcialidad y arbitrariedad.

Cometió error y abuso de discreción el Tribunal de Primera Instancia al resolver que la exención estatuida en la Sección 22(a) de la ley orgánica de la AEE (Ley 83-1941) no se extiende al contratista de una obra de la AEE efectuada por éste a nombre y a favor de la AEE, y no seguir la norma, por supuestamente no ser aplicable, resuelta en <u>Coop. de Ahorro y Crédito de Rincón v. Municipio de Mayagüez</u>[13] e <u>Interior Developers v. Mun. de San Juan</u>,[14] demostrando así prejuicio, parcialidad, arbitrariedad, y error craso y manifiesto de Derecho.

Cometió grave error y abuso de discreción el Tribunal de Primera Instancia al concluir que los casos de <u>Municipio de</u>

---

[11] Entrada núm. 32 del caso núm. BQ2025CV00031 del SUMAC.
[12] La parte apelante consignó erróneamente en el primer señalamiento de error que la vigencia del *Código Municipal de Puerto Rico* comenzó el 24 de agosto de 2020, cuando en realidad fue el **13 de agosto de 2020**.
[13] 200 DPR 546 (2018).
[14] 177 DPR 693 (2009).

Maunabo v. Cobra Acquisitions,[15] Cobra Acquisitions v. Mun. de Guayama[16] y Super Asphalt Pavement Corp. v. Mun. de Cayey,[17] resueltos por el Tribunal de Apelaciones son aplicables a este caso, cuando los hechos en esos casos son diferentes y no son aplicables a la controversia, demostrando así prejuicio, parcialidad, arbitrariedad, y error craso y manifiesto de Derecho.

Cometió error y abuso de discreción el Tribunal de Primera Instancia al no darle el justo y debido peso que se merecen los cuatro (4) casos resueltos por el Tribunal de Apelaciones haciendo extensiva la exención contributiva de una entidad exenta al contratista que realiza una obra perteneciente a dicha entidad, en virtud de la intención legislativa de la ley orgánica de la AEE y la jurisprudencia, demostrando así prejuicio, parcialidad, arbitrariedad, y error craso y manifiesto de Derecho.

Evaluado lo anterior, el 21 de enero de 2026 emitimos una *Resolución*, notificada el 23 de enero de 2026. En virtud de esta, le ordenamos a la parte apelada presentar su alegato, dentro de los treinta (30) días contemplados en la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22.

En cumplimiento con nuestra orden, el 4 de marzo de 2026, el Municipio presentó un escrito que intituló *Alegato de la parte apelada*. Mediante el escrito presentado, rechazó que el foro *a quo* cometiese los errores que le imputó Continental. En particular, reclamó que el foro primario resolvió correctamente al aplicar a los hechos de este caso lo dispuesto por la Asamblea Legislativa en la Ley Núm. 215-2024. Ello, en la medida que esta enmendó la Ley Núm. 107-2020, a los fines de disponer que las empresas que pudieran estar exentas del pago de estos arbitrios, ya no lo están.

En su escrito, la parte apelada destacó que, si bien la contratación se perfeccionó *previo* a la vigencia de la referida enmienda, Continental reconoció que los trabajos a realizarse en el Municipio comenzarían en febrero de 2025; es decir, con *posterioridad* a la entrada en vigor de la Ley Núm. 215-2024. En ese sentido, subrayó que, tanto la Ley Núm. 107-2020, como su

---

[15] Caso núm. KLAN202300022.
[16] Caso núm. TA2025AP00024.
[17] Caso núm. KLAN202400286.

predecesora derogada,[18] disponen que el arbitrio de construcción debe pagarse *al comienzo* de la obra y no al momento en que se firma el contrato.

Con el beneficio de la comparecencia de ambas partes, procedemos a adjudicar el recurso de epígrafe.

## II

### A

En el ámbito civil, el Artículo 9 de la Ley Núm. 55-2020, conocida como *Código Civil de Puerto Rico de 2020,* 31 LPRA sec. 5323, es la disposición legal que establece el principio de la irretroactividad de las leyes. En específico, el referido artículo dispone que "[l]a ley no tiene efecto retroactivo, **excepto cuando se dispone expresamente lo contrario**. El efecto retroactivo de una ley, no puede perjudicar los derechos adquiridos al amparo de una ley anterior". (Negrillas suplidas).

A manera de excepción, en nuestro ordenamiento jurídico se permite la aplicación retroactiva de las leyes, "... por lo que la intención del legislador sobre tal efecto debe **relucir del propio cuerpo normativo** ya sea de forma tácita o expresa". *Díaz Ramos v. Matta Irizarry,* 198 DPR 916, 929 (2017).[19] (Negrillas suplidas). De este modo, es forzoso concluir que, en nuestro ordenamiento jurídico, la aplicación retroactiva debe asumirse como un supuesto excepcional y no como la norma. *Íd.*

### B

La facultad del Estado y de los municipios para imponer y cobrar contribuciones y arbitrios es un principio de rango constitucional. A esos fines, nuestra Constitución dispone lo

---

[18] La Ley Núm. 107-2020 derogó expresamente la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 LPRA sec. 4001 *et seq.*, conocida como la *Ley de Municipios Autónomos de Puerto Rico.*

[19] Véase, además, *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728 (2009); *Asoc. Maestros v. Depto. Educación*, 171 DPR 640 (2007); *Consejo Titulares v. Williams Hospitality*, 168 DPR 101 (2006).

siguiente: "El poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido". Artículo VI, sección 2 de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo I.

Con base en este principio constitucional, la Asamblea Legislativa promulgó la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 LPRA sec. 4001 *et seq.,* conocida como la *Ley de Municipios Autónomos de Puerto Rico.* Según la exposición de motivos del referido estatuto, su objetivo principal fue otorgar a los municipios la autonomía fiscal y el gobierno propio, necesarios para atender con mayor facilidad las necesidades de sus habitantes. Así, según codificado en la legislación citada, la facultad de los municipios de imponer contribuciones, derechos y licencias -entre las que se encuentra el arbitrio de construcción- emanaba del Artículo 2.002 de la Ley Núm. 81, 21 LPRA sec. 4052. Véase, *Cobra Acquisitions v. Mun. Yabucoa,* 210 DPR 384, 398 (2022); *Coop. Ahorro Rincón v. Mun. Mayagüez,* 200 DPR 546, 553 (2018).

Sin embargo, el **13 de agosto de 2020**,[20] fue aprobada la Ley Núm. 107-2020, conocida como *Código Municipal de Puerto Rico,* cuya política pública es mantener los poderes delegados a los municipios. Su propósito es compilar de manera "sistemática, ordenada y actualizada toda legislación municipal aprobada por la Asamblea Legislativa de Puerto Rico referente a la organización, gobierno, administración y funcionamiento de los municipios". Artículo 1.002 de la Ley Núm. 107-2020, 21 LPRA sec. 7002.

Así, la Ley Núm. 107-2020 derogó expresamente la Ley Núm. 81, *supra.* Véase, Artículo 8.003, Ley Núm. 107-2020. De este modo,

---

[20] Si bien el tomo 21 de las Leyes de Puerto Rico Anotadas (LPRA) refleja que la Ley Núm. 107-2020 fue aprobada el **14 de agosto de 2020** (véase 21 LPRA sec. 7001 *et seq.*), lo cierto es que el documento de la ley certificada por el Departamento de Estado consigna en su sello como fecha oficial de aprobación el **13 de agosto de 2020**.

y toda vez que este código comenzó a regir inmediatamente después de su aprobación,[21] a partir del 13 de agosto de 2020, sus disposiciones constituyen el estado de Derecho vigente en materia de administración municipal.

Así, bajo este nuevo esquema, el Artículo 2.109 de la Ley Núm. 107-2020, 21 LPRA sec. 7331, es la disposición que codifica las facultades municipales para imponer contribuciones, tasas, tarifas y otras, de forma equivalente al derogado Artículo 2.002 de la Ley Núm. 81, *supra.* En lo pertinente, en su sección de definiciones, la Ley Núm. 107-2020 define lo que es un arbitrio de construcción. De este modo, el Artículo 8.001 dispone que, en el contexto del ámbito de aplicación de esta ley, el concepto "arbitrio de construcción" se define como sigue:

> Aquella contribución impuesta por los municipios a través de una ordenanza municipal aprobada con dos terceras (2/3) partes para ese fin, la cual recae sobre el derecho de llevar a cabo una actividad de construcción y/o una obra de construcción dentro de los límites territoriales del municipio. Esta contribución se considerará un acto separado y distinto a un objeto o actividad o cualquier renglón del objeto o actividad, que no priva o limita la facultad de los municipios para imponer contribuciones, arbitrios, impuestos, licencias, derechos, tasas y tarifas. La imposición de un arbitrio de construcción por un municipio constituirá también un acto separado y distinto a cualquier imposición contributiva que imponga el Estado, por lo cual ambas acciones impositivas serán compatibles.

Artículo 8.001(17) de la Ley Núm. 107-2020, 21 LPRA sec. 8351.

En específico, lo relacionado con el pago de los arbitrios de construcción se encuentra codificado en el Artículo 2.110, 21 LPRA sec. 7332. A esos fines, su inciso (f) es la disposición que establece quiénes estarán exentos del pago de los arbitrios de construcción. En lo que nos compete, la referida disposición establece lo siguiente:

> […]

> Quedan exentas del pago de arbitrio de construcción aquellas obras hechas mediante el método conocido como administración, es decir, como parte de los programas de construcción **que realice** una agencia del Gobierno estatal o sus instrumentalidades, una corporación pública, un municipio o una agencia del Gobierno federal. No obstante,

---

[21] Véase, Artículo 8.005, Ley Núm. 107-2020.

esta exención no aplica a las obras de construcción llevadas a cabo por una persona natural o jurídica, actuando a favor o en representación de**,** o por contrato o subcontrato suscrito con una agencia pública o corporación pública o instrumentalidad del Gobierno estatal**,** municipal, o federal. **Además, esta exención no será de aplicación a aquella actividad de construcción realizada por un contribuyente en favor de una persona natural o jurídica o entidad pública o privada, <u>aun cuando esta última</u>, <u>como dueño de la obra</u>, <u>sea una entidad exenta</u>, sin que esto constituya o se pueda interpretar como un menoscabo a la exención concedida al dueño de la obra**. Tampoco aplica dicha exención cuando se trate de obras de construcción llevadas a cabo por una persona natural o jurídica actuando a favor o en representación de o por contrato o subcontrato suscrito con una agencia del Gobierno federal, cuando las leyes o reglamentos federales aplicables así lo permitan. (Negrillas y subrayado suplidos).

Artículo 2.110(f) de la Ley Núm. 107-2020, 21 LPRA sec. 7332(f).

Así las cosas, es importante destacar que, el texto que sombreamos en negrillas en el Artículo 2.110, inciso (f), no formaba parte de su texto cuando la Ley Núm. 107-2020 fue aprobada. Por el contrario, esto fue una adición realizada como resultado de la aprobación posterior de la Ley Núm. 215-2024. Esta se convirtió en ley el **17 de septiembre de 2024** y fue promulgada a los fines de enmendar los artículos 1.008(r), 1.018(r), 2.014, 2.035, 2.036, 2.061, **2.110**, 7.003, 7.207 y 8.001 de la Ley Núm. 107-2020. Nótese que, en virtud del Artículo 13 de la Ley Núm. 215-2024, se estableció de manera expresa que las enmiendas incorporadas a la Ley Núm. 107-2020 de conformidad con sus disposiciones, entrarían en vigor "inmediatamente después de su aprobación".

Como bien sugiere el Artículo 2.110 en el texto enmendado de su inciso (f), existen una serie de entidades que, en caso de ser las dueñas de una obra de construcción llevada a cabo en territorio municipal, estarían exentas de pagar el referido arbitrio de construcción. En lo pertinente a la controversia que nos ocupa, corresponde destacar el caso de la Autoridad de Energía Eléctrica (AEE), en la medida que esta se encuentra expresamente exenta, en virtud de la Sección 22(a) de su ley orgánica, Ley Núm. 83 de 2 de

mayo de 1941, según enmendada, 22 LPRA sec. 212(a).[22] Sobre este particular, la citada disposición establece lo siguiente:

> Por la presente se dispone y se declara que los fines para los que la Autoridad se crea y debe ejercer sus poderes son: la conservación de los recursos naturales, el mejoramiento del bienestar general, y el fomento del comercio y la prosperidad, y son todos ellos propósitos de fines públicos para beneficio del Estado Libre Asociado de Puerto Rico en todos sentidos y, por tanto, **la Autoridad no será requerida para pagar ningunas contribuciones estatales o municipales**, **o impuestos de cualquier tipo sobre ninguna de las propiedades muebles e inmuebles adquiridas por ella o bajo su potestad, dominio, posesión o inspección, o sobre sus actividades en la explotación y conservación de cualquier empresa**, o sobre los ingresos derivados de cualesquiera de sus empresas y actividades, o sobre su volumen de negocios. Las personas que celebren contratos con la Autoridad no estarán sujetas al impuesto gubernamental sobre contratos, establecido en las secs. 30011 et seq. del Título 13, conocidas como el "Código de Rentas Internas de Puerto Rico de 2011". (Negrillas suplidas).

Por considerarlo también de pertinencia a esta discusión, hacemos referencia a la Sección 27 de la Ley Núm. 83, *supra*. Esta dispone lo siguiente:

> **En los casos en que las disposiciones de las secs. 191 a 217 de este título estén en pugna con las disposiciones de cualquier otra ley de la Asamblea Legislativa de Puerto Rico, prevalecerán las disposiciones de las secs. 191 a 217** de este título y ninguna otra ley aprobada anterior o posteriormente, regulando la administración del Gobierno Estadual o de cualesquiera partes, oficinas, negociados, departamentos, comisiones, dependencias, municipalidades, ramas, agentes, funcionarios o empleados del mismo, será interpretada como aplicable a la Autoridad, a menos que así se disponga taxativamente, pero los asuntos y negocios de la Autoridad serán administrados conforme se provee en las secs. 191 a 217 de este título. (Negrillas suplidas).

22 LPRA sec. 217.

Bajo la Ley Núm. 107-2020, el Artículo 2.019(c) equivale al derogado Artículo 2.002(d) de la Ley Núm. 81, *supra*, y, en lo que nos concierne, sus respectivos textos son virtualmente idénticos. En lo pertinente, la disposición vigente establece lo siguiente:

> […]
>
> Toda obra de construcción dentro de los límites territoriales de un municipio, realizada por una persona natural o jurídica privada, o que sea llevada a cabo por una persona natural o jurídica privada a favor o en representación de, o por contrato o subcontrato suscrito con una agencia pública

---

[22] Conocida como *Ley de la Autoridad de Energía Eléctrica de Puerto Rico.*

o corporación pública o instrumentalidad del Gobierno estatal o municipal o del Gobierno federal, incluyendo aquella obra que no requiera la solicitud o expedición de un permiso, deberá pagar arbitrio de construcción correspondiente, previo al comienzo de la obra.

[...]

Artículo 2.019(c) de la Ley Núm. 107-2020, 21 LPRA sec. 7331(c).

Así las cosas, en *Interior Developers v. Mun. de San Juan*, 177 DPR 693 (2009), el Tribunal Supremo interpretó el derogado Artículo 2.002(d) de la Ley Núm. 81, *supra*, el cual versa sobre la facultad de los municipios para imponer y cobrar arbitrios de construcción. Al respecto, dispuso que, "[d]el citado texto se deduce que el hecho imponible que da lugar al nacimiento de la obligación de pagar los arbitrios de construcción está compuesto por una serie de elementos". *Íd.*, pág. 703. Los elementos en cuestión son los que siguen:

(1) que se trate de una obra de construcción; (2) que esté dentro de los límites territoriales del municipio, y (3) **que la realice una persona natural o jurídica privada, o una persona natural o jurídica privada contratada por una agencia o dependencia del Gobierno Central, municipal o federal**. (Negrillas suplidas).

*Íd.*, pág. 705.

En cuanto al tercer criterio, nuestro más Alto Foro subrayó en *Coop. Ahorro Rincón v. Mun. Mayagüez*, 200 DPR 546, 559 (2018), citando a *Interior Developers v. Mun. de San Juan*, supra, pág. 705, que, además del tipo de obra y su localización, para que un municipio pueda cobrar el arbitrio de construcción es necesario examinar a quién pertenece la obra. En fin, el Tribunal Supremo considera que "el enfoque a la hora de determinar si un municipio puede imponer arbitrios de construcción tiene que ser en la obra misma". *Interior Developers v. Mun. de San Juan*, supra, pág. 705. Ello pues, claramente considera que los arbitrios de construcción que imponían los municipios al amparo del Artículo 2.002(d) de la Ley Núm. 83, *supra*, -y ahora conforme al Artículo 2.019(c) de la Ley

Núm. 107-2020- <u>recaen en la obra de construcción y no en el contratista que la ejecuta.</u>

Así las cosas, *en el contexto de las cooperativas* como entidades exentas de este arbitrio, en *Coop. Ahorro Rincón v. Mun. Mayagüez,* supra, pág. 560, el Tribunal Supremo concluyó que la exención debe extenderse al contratista a cargo de realizar la obra. En específico, manifestó que:

> [L]os municipios carecen de autoridad para requerir el pago del arbitrio de construcción a la Cooperativa que encarga la obra. **Resolver que, aun así, pueden cobrar el arbitrio al contratista que realiza la obra, sería permitir de forma indirecta el cobro que está vedado hacer directamente a la cooperativa**. (Negrillas suplidas).

*Íd.*

Si bien contamos con la jurisprudencia antes citada a manera de referente que nos provee un acercamiento a la controversia ante nos, lo cierto es que el Tribunal Supremo no ha realizado una interpretación análoga a *Coop. Ahorro Rincón v. Mun. Mayagüez,* supra, pero <u>en el contexto de la AEE</u>. Entiéndase, hasta el momento, nuestro más Alto Foro no ha resuelto si la exención que cobija <u>a la AEE</u>, en virtud de la Sección 22(a) de la Ley Núm. 83, *supra*, respecto al pago de arbitrios de construcción impuestos por un municipio, debe extenderse también a su contratista.[23]

Ante el mencionado vacío jurisprudencial, a través de los años, distintos paneles del Tribunal de Apelaciones han resuelto casos que presentan controversias similares. Ello, tanto en el contexto de la AEE como entidad expresamente exenta por la Ley Núm. 83, *supra,* como de otras entidades cuyas correspondientes leyes habilitadoras consagran algún privilegio similar. Por su pertinencia y equivalencia al análisis de la controversia de autos,

---

[23] Este Tribunal es consciente de que la enmienda incorporada al Artículo 2.110, inciso (f), 21 LPRA sec. 7332(f), en virtud de la Ley Núm. 215-2024 *parece* eliminar expresamente la posibilidad de extender la exención. Sin embargo, son muchos los casos que, al igual que el de autos, presentan esta misma controversia, debido a que la contratación se perfeccionó con anterioridad a la aprobación y vigencia de la mencionada enmienda.

nos remitimos a varios casos en los que un panel del Tribunal de Apelaciones analizó si un contratista de la AEE debía estar exento del pago de arbitrios de construcción.

El 17 de marzo de 2023, uno de nuestros paneles hermanos[24] emitió una *Sentencia* en el caso *Municipio de Maunabo v. Cobra Acquisitions, LLC.* (caso núm. KLAN202300022). En este, Cobra Acquisitions, LLC., alegó ser cobijada por la exención contributiva total otorgada a la AEE. Evaluada la controversia, el foro apelativo intermedio <u>rechazó</u> extender la aplicabilidad de la exención que cobija a la AEE, a Cobra, en calidad de su contratista. El panel razonó que, a su juicio, la Ley Núm. 83, *supra,* expresamente excluye a las compañías subcontratadas por la AEE, de ser exentas del pago del arbitrio, debido a que la única exenta es la corporación pública.

Posteriormente, el 11 de agosto de 2023, uno de nuestros paneles hermanos[25] emitió una *Sentencia* en el caso *Lord Construction v. Mun. San Juan* (caso núm. KLAN202300577). En este caso, la empresa Lord Construction Group, Inc., suscribió varios contratos con la AEE, para la *reparación del alumbrado público* en el Municipio de San Juan, entre 2017 y principios de 2020. Posteriormente, el Municipio le facturó a Lord una cuantía por concepto de arbitrios de construcción. Evaluada la controversia, el Tribunal de Apelaciones consideró que la exención aplicable a la AEE <u>debe extenderse</u> a quienes esta subcontrata para realizar sus obras. Como fundamento, aludió <u>por analogía</u> a lo que el Tribunal Supremo resolvió en *Coop. Ahorro Rincón v. Mun. Mayagüez,* supra, en el contexto de las cooperativas. Al respecto, concluyó que, permitir el cobro del arbitrio al contratista, sería avalar de forma

---

[24] Panel integrado por los jueces Birriel Cardona (presidenta), Bonilla Ortiz y Pagán Ocasio (ponente).
[25] Panel integrado por los jueces Bermúdez Torres (presidente), Romero García y Monge Gómez (ponente).

indirecta que el Municipio le cobre el monto a la AEE, lo cual prohíbe la Sección 22(a) de la Ley Núm. 83, *supra*. Como parte del análisis, razonó que el arbitrio recae sobre la obra y no sobre quien la realiza.

El 30 de junio de 2025, uno de nuestros paneles hermanos[26] emitió una *Sentencia* en los casos consolidados *Cobra Acquisitions, LLC. v. Mun. Salinas y Cobra Acquisitions, LLC. v. Mun. Humacao* (casos núm. KLAN202500498 y 540). En estos, la AEE había contratado a Cobra para labores de reconstrucción de la infraestructura eléctrica en los Municipios de Salinas y Humacao. Debido a que estos le facturaron arbitrios de construcción, Cobra instó demandas sobre sentencia declaratoria en contra de ambos. Evaluada la controversia, el foro apelativo intermedio consideró que la exención aplicable a la AEE <u>no</u> debe extenderse a quienes esta subcontrata. En esencia, el panel concluyó que la disposición de exención sobre el pago de arbitrios de construcción establecida en la Ley Núm. 83, *supra*, nada dispone sobre extenderla a favor de quienes contraten con ella para realizar una obra de construcción.

En igual fecha, el mismo panel emitió una *Sentencia* en el caso *Cobra Acquisitions, LLC. v. Mun. Guayama* (caso núm. TA2025AP00024). El caso presentaba la misma controversia que dicho panel atendió en los casos consolidados núm. KLAN202500498 y 540, pero, en esta ocasión, en el contexto del Municipio de Guayama. Asimismo, la adjudicación y el razonamiento fueron idénticos a los esbozados en los casos consolidados. Entiéndase, el panel <u>rechazó</u> extender a Cobra la aplicabilidad de la exención que cobija a la AEE.

Por último, el 5 de diciembre de 2025, uno de nuestros paneles hermanos[27] emitió una *Sentencia* en el caso *Continental*

---

[26] Panel integrado por los jueces Bonilla Ortiz (presidente), Mateu Meléndez y Prats Palerm. (Sin ponente).

[27] Panel integrado por los jueces Rivera Marchand (presidenta), Mateu Meléndez, Boria Vizcarrondo y Robles Adorno (ponente).

*Lord v. Mun. Toa Alta* (caso núm. TA2025AP00483).[28] En esta ocasión, la empresa Continental Lord, Inc. (aquí apelante) suscribió un contrato con la AEE para brindar servicios de *reemplazo de postes y alumbrado*. Luego de que el Municipio le facturara arbitrios de construcción, Continental instó una demanda de sentencia declaratoria en su contra. Evaluada la controversia, el panel consideró que la exención aplicable a la AEE <u>no</u> debe extenderse a quienes esta subcontrata. Ello, esencialmente debido a que la exención le fue concedida a la AEE en virtud de su ley habilitadora, por ser una *corporación pública*. Asimismo, el panel razonó que, a su juicio, no surge que la intención del legislador fuese ampliar la exención del pago de los arbitrios a *personas naturales o jurídicas privadas* que sean contratados por la AEE, para una obra de construcción.

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

### III

Comenzamos por recalcar que, como foro apelativo intermedio, estamos llamados a revisar *de novo* las solicitudes de sentencia sumaria que adjudica el foro primario. Ello, ya que, en su interpretación de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, el Tribunal Supremo ha reiterado que nos encontramos en la misma posición que el foro *a quo* para adjudicar la procedencia de una moción de sentencia sumaria.[29]

En consideración a lo anterior, y tras llevar a cabo el referido análisis *de novo* que nos encomienda nuestro más Alto Foro, estamos en posición de acoger por referencia la relación de hechos

---

[28] Inconforme, el 19 de febrero de 2026, Continental instó una *Apelación* ante el Tribunal Supremo en el caso núm. AC-2026-0009, que aun está pendiente de adjudicación.

[29] Véase, *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc.*, res. 7 de enero de 2025, 2025 TSPR 1; *BPPR v. Zorrilla y otro*, 214 DPR 329, 339 (2024); *Birriel Colón v. Econo y otro*, 213 DPR 80, 91 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 611 (2023).

incontrovertidos formulada por el foro primario, la cual se compone de los quince (15) hechos que reseñamos en la primera sección de esta exposición. En ese sentido, también estamos en posición de suscribir el análisis formulado por el foro *a quo*, a los efectos de que no procede reseñar el Derecho aplicable con relación a la disposición de las controversias mediante el mecanismo de sentencia sumaria.[30]

Así, de un análisis de las mociones dispositivas presentadas por ambas partes surge que este caso no presenta controversias de hechos esenciales. Entiéndase, que la única controversia ante la consideración del foro *a quo*, y ahora ante este foro apelativo intermedio, es una de estricto Derecho. Esta se reduce a determinar si la exención que cobija a la AEE, en virtud de la Sección 22(a) de la Ley Núm. 83, *supra*, con respecto al pago de arbitrios de construcción impuestos por un municipio de conformidad con la Ley Núm. 107-2020, debe extenderse también a Continental, en calidad de contratista de la AEE. Mediante la presente exposición, resolvemos en la afirmativa. A continuación, procedemos con la discusión de los señalamientos de error que presenta este recurso.

Mediante el primero de los errores señalados en el recurso de epígrafe, Continental argumentó que el foro primario cometió grave error y que abusó de su discreción al aplicar la Ley Núm. 81, *supra*, que la Ley Núm. 107-2020 derogó el 24 de agosto de 2020.[31] A juicio de la parte apelante, este proceder constituye un error de Derecho que vicia la *Sentencia* apelada, lo cual demuestra prejuicio, parcialidad y arbitrariedad. Asimismo, la parte apelante considera que el foro primario cometió un error craso y manifiesto de Derecho. Carece de méritos este planteamiento.

---

[30] *Sentencia* apelada, pág. 4. Entrada núm. 29 del caso núm. BQ2025CV00031 del SUMAC.

[31] Recalcamos que Continental consignó erróneamente en su primer señalamiento de error que la vigencia del Código Municipal comenzó el 24 de agosto de 2020, cuando en realidad fue el 13 de agosto de 2020.

En su argumentación de este error, Continental expresó que el foro primario estaba impedido de aplicar la derogada Ley Núm. 81, *supra*. Ello, debido a que los hechos de este caso ocurrieron bajo la vigencia de la Ley Núm. 107-2020, la cual derogó expresamente a su homóloga predecesora. Es su postura que lo anterior constituyó un craso y patente error de Derecho que vició la *Sentencia* apelada.

Si bien en la *Sentencia* apelada, el foro primario realizó un análisis principalmente basado en la derogada Ley Núm. 81, *supra*, lo cierto es que, para fines prácticos, aplicó la legislación vigente. Incluso, como se analizará con más detalle como parte de la discusión del segundo señalamiento de error, el foro primario aplicó la Ley Núm. 215-2024, la cual expresamente enmendó el Artículo 2.110(f), *supra*, de la Ley Núm. 107-2020, que es el actual *Código Municipal de Puerto Rico*.[32] Recordemos que, desde el 13 de agosto de 2020, el referido estatuto constituye el estado de Derecho vigente en materia de administración municipal.

En virtud del segundo señalamiento de error formulado, la parte apelante adujo que el foro primario erró y abusó de su discreción al determinar que la enmienda que la Ley Núm. 215-2024 incorporó a la Ley Núm. 107-2020, tiene aplicación retroactiva. Es la postura de Continental que, según lo que surge, tanto de la ley como de los precedentes judiciales establecidos por el Tribunal Supremo, esta debe aplicar prospectivamente. Considera la parte apelante que, al disponer su aplicación retroactiva, el foro *a quo* demostró prejuicio, parcialidad y arbitrariedad.

Por un lado, no consideramos que se trate de una actuación prejuiciada, parcial o arbitraria. No obstante, sí consideramos que, aunque el foro *a quo* no dispuso expresamente la aplicación

---

[32] Nótese que, según dispusiéramos en la parte II de esta Sentencia, la porción que nos compete del Artículo 2.110(f), *supra*, de la Ley Núm. 107-2020, equivale a uno de los párrafos del derogado Artículo 2.002(d) de la Ley Núm. 81, *supra*, cuyos respectivos textos son muy similares.

retroactiva de la Ley Núm. 215-2024, ciertamente incidió al concluir que correspondía considerar para dichos fines la fecha de comienzo de la obra en febrero de 2025, en lugar de la fecha en que las partes suscribieron el contrato.

Como analizáramos en nuestra exposición del Derecho aplicable, como norma general, en nuestro ordenamiento jurídico las leyes no aplican de manera retroactiva. Véase Artículo 9 de la Ley Núm. 55-2020, *supra*. En ese sentido, tanto el *Código Civil de Puerto Rico de 2020* como la jurisprudencia interpretativa, son claras en que el único supuesto de excepción que se reconoce para la aplicación retroactiva de legislación es cuando el legislador hubiese dispuesto expresamente lo contrario.

En la *Sentencia* apelada, el foro primario concluyó que, en este caso, si bien Continental y la AEE otorgaron el contrato objeto de controversia el **24 de junio de 2024**, "se trata de un contrato que comprende numerosas obras de construcción en numerosos municipios" y "[a]quí lo importante es cuándo se llevará a cabo la obra en el Municipio de Barranquitas, que **comenzaron a partir de febrero de 2025**, cuando ya la enmienda a la Ley había entrado en vigor".[33] (Negrillas suplidas). Basado en lo anterior, el foro primario aplicó al caso de autos la oración añadida al Artículo 2.110(f), supra, en virtud de la Ley Núm. 215-2024, la cual dispone lo siguiente:

> [...] Además, esta exención no será de aplicación a aquella actividad de construcción realizada por un contribuyente en favor de una persona natural o jurídica o entidad pública o privada, aun cuando esta última, como dueño de la obra, sea una entidad exenta, sin que esto constituya o se pueda interpretar como un menoscabo a la exención concedida al dueño de la obra.

Como se explicará a continuación, este razonamiento esbozado por el foro *a quo* es errado y, como tal, tuvo el efecto de aplicar retroactivamente de manera indebida la Ley Núm. 215-2024.

---

[33] *Sentencia* apelada, pág. 16. Entrada núm. 29 del caso núm. BQ2025CV00031 del SUMAC.

En nuestro ordenamiento jurídico, un contrato "queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa [...]".[34] De conformidad con lo anterior, resalta que, en el caso de epígrafe, el contrato suscrito entre las partes con el propósito de pactar la realización de la obra de construcción en el Municipio de Barranquitas se perfeccionó el **24 de junio de 2024.** En cuanto a la Ley Núm. 215-2024, esta fue aprobada el **17 de septiembre de 2024** y, en su Artículo 13, dispone que "comenzará a regir inmediatamente después de su aprobación".

Así las cosas, examinados, tanto el texto de la Ley Núm. 215-2024 como su exposición de motivos, no surge intención legislativa alguna orientada a que su aplicación fuese retroactiva. En consecuencia, y toda vez que el contrato objeto de este litigio se perfeccionó el 24 de junio de 2024 -es decir, previo a la aprobación y vigencia del mencionado estatuto- es forzoso concluir que esta enmienda no puede aplicarse al caso de epígrafe.

Entiéndase, somos conscientes de que el foro *a quo* no razonó que aplicaba el referido estatuto de manera retroactiva, debido a que entendió que la fecha a considerar para fines de su aplicación era la del comienzo de la obra en febrero de 2025, en lugar de la fecha en que se suscribió el contrato el 24 de junio de 2024. Sin embargo, debido a que el referido análisis fue errado en Derecho, en la medida que el contrato se perfeccionó el 24 de junio de 2024, es forzoso concluir que su actuación tuvo el efecto de aplicar retroactivamente la enmienda que la Ley Núm. 215-2024 incorporó al Artículo 2.110(f), supra.

Mediante los errores tercero y cuarto, la parte apelante planteó que el foro *a quo* cometió un error craso y manifiesto de

---

[34] Artículo 1237 de la Ley Núm. 55-2020, 31 LPRA sec. 9771.

Derecho, así como que incurrió en abuso de discreción al resolver que, en un contrato de tracto sucesivo, lo importante es cuándo se llevará a cabo la obra y no cuándo se firmó el contrato. Asimismo, al resolver que el formulario *Task Order Form* es un contrato separado e independiente del contrato suscrito entre Continental y la AEE el 27 de junio de 2024, y que no es parte del contrato de tracto sucesivo suscrito entre Continental y la AEE. Considera la parte apelante que, al así resolver, el foro *a quo* demostró prejuicio, parcialidad y arbitrariedad.

A la luz del análisis que realizamos con el propósito de atender el segundo señalamiento de error, tras el cual concluimos que el foro *a quo* incurrió en los desaciertos allí señalados, consideramos que los planteamientos formulados en los señalamientos de error tercero y cuarto no requieren, ni ameritan discusión ulterior. Por consiguiente, nos disponemos a analizar el quinto señalamiento de error formulado.

En virtud del quinto señalamiento de error, la parte apelante argumentó que el foro primario erró y abusó de su discreción al resolver que la exención estatuida en la Sección 22(a) de la Ley Núm. 83, *supra,* no se extiende al contratista de una obra de la AEE efectuada por este, a nombre y a favor de la AEE. De forma cónsona, es la postura de Continental que el foro *a quo* incidió al no acoger la norma resuelta por el Alto Foro en *Coop. Ahorro Rincón v. Mun. Mayagüez*, supra, y en *Interior Developers v. Mun. de San Juan,* supra, por no considerarla aplicable. Considera también que, al así resolver, el foro primario demostró prejuicio, parcialidad, arbitrariedad y que cometió un error craso y manifiesto de Derecho. Si bien no consideramos que constituya una actuación prejuiciada, parcial o arbitraria, como veremos a continuación, coincidimos en que el foro primario incidió, como cuestión de Derecho, al rechazar aplicar la norma que emana de la jurisprudencia citada.

Como indicáramos, la controversia sobre si la extensión de la exención reclamada por la parte apelante como contratista de la AEE, subsiste al presente. Ello, en la medida que esta no ha sido expresamente adjudicada por el Tribunal Supremo. Sin embargo, en la mencionada jurisprudencia, el Alto Foro reconoció que la exención al pago de arbitrios de construcción municipales se extiende a los contratistas de *otras entidades exentas.*

Así, en el caso de *Interior Developers v. Mun. de San Juan,* supra, pág. 698, el Tribunal Supremo resolvió, en el contexto de la Ley Núm. 81, *supra,* que las obras de construcción de la Rama Legislativa "están fuera del alcance del poder tributario de los municipios". En consecuencia, consideró que el arbitrio tampoco se le puede cobrar al contratista. De otra parte, en *Coop. Ahorro Rincón v. Mun. Mayagüez,* supra, el Tribunal Supremo dispuso que las cooperativas están exentas del arbitrio de construcción, conforme al Artículo 6.08 de la Ley Núm. 255-2002, según enmendada,[35] 7 LPRA sec. 1366g y que esta exención también se extiende a quienes contraten para realizar las obras.

Asimismo, si bien también abordamos en nuestra exposición del Derecho aplicable el hecho de que no ha habido uniformidad en nuestros paneles al atender esta controversia -incluso en el contexto de la exención que cobija a la AEE conforme a su ley orgánica- *somos del criterio que dicha extensión procede y que debe reconocerse.* Por un lado, somos conscientes de que aplicar esta norma es un ejercicio que realizamos *por analogía.* No obstante, consideramos que la comparación procede y es razonable, en la medida que la exención de la cual se beneficia la AEE emana expresamente de la Sección 22(a) de la, Ley Núm. 83, *supra,* por lo su existencia está incontrovertida.

---

[35] Conocida como *Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002.*

Así, estamos en posición de suscribir el análisis formulado por el Alto Foro en *Coop. Ahorro Rincón v. Mun. Mayagüez*, supra, págs. 559-560. Ello, a los efectos de que coincidimos en que el arbitrio recae sobre la obra misma. De modo similar, también consideramos que resolver a favor de cobrarle el arbitrio al contratista que realiza la obra, sería permitir de forma indirecta el cobro que el Municipio está impedido de hacerle directamente -en este caso particular- a la AEE.

En virtud de su sexto señalamiento de error, Continental manifestó que el foro primario erró y abusó de su discreción al concluir que los casos de *Mun. Maunabo v. Cobra Acquisitions*,[36] *Cobra Acquisitions v. Mun. Guayama*[37] y *Super Asphalt v. Mun. Cayey*,[38] resueltos por el Tribunal de Apelaciones, son aplicables a este caso. Ello, en consideración a que, a juicio de la parte apelante, los hechos en esos casos son diferentes a los del caso de epígrafe, por lo que entiende no son aplicables a la controversia ante nos. Considera la parte apelante que, al así resolver, el foro *a quo* demostró prejuicio, parcialidad, arbitrariedad, y que cometió un error craso y manifiesto de Derecho.

Si bien no consideramos que se trate de una actuación prejuiciada, parcial o arbitraria, coincidimos en que constituyó un error de Derecho rechazar la aplicación por analogía de la jurisprudencia que analizamos en la discusión del quinto señalamiento de error. De forma cónsona, y en ánimo de ser consistentes con nuestros pronunciamientos previos, favorecemos incorporar como parte de nuestro análisis, por su valor altamente persuasivo, aquellas Sentencias resueltas por este Tribunal de Apelaciones, en que otros paneles han reconocido la extensión de la

---

[36] Caso núm. KLAN202300022.
[37] Caso núm. TA2025AP00024.
[38] Caso núm. KLAN202400286.

exención *que cobija a la AEE,* a su contratista. Subrayamos, a manera de ejemplo, la *Sentencia* emitida en *Lord Construction v. Mun. San Juan* (caso núm. KLAN202300577). Recalcamos que, en esa ocasión, el panel consideró que la exención aplicable a la AEE <u>debe extenderse</u> a quienes esta subcontrata mientras que, como fundamento, suscribió por analogía lo resuelto por el Tribunal Supremo en *Coop. Ahorro Rincón v. Mun. Mayagüez,* supra, en la misma medida y extensión que este Foro lo hace hoy.

Mediante el séptimo y último señalamiento de error formulado, la parte apelante plantea que el foro *a quo* erró y abusó de su discreción al no darle a otros cuatro (4) casos resueltos por el foro apelativo intermedio,[39] el justo y debido peso que se merecen. Continental destaca que, en los aludidos casos, otros paneles de este Foro resolvieron que la exención contributiva de una entidad exenta es extensiva al contratista que realiza una obra que le pertenece a dicha entidad. Lo anterior, en virtud de la intención legislativa de la Ley Núm. 83, *supra,* y la jurisprudencia. Considera la parte apelante que, al así resolver, el foro *a quo* demostró prejuicio, parcialidad, arbitrariedad, y que cometió un error craso y manifiesto de Derecho.

En consideración al análisis que realizamos con el propósito de atender el sexto señalamiento de error, y tras el cual acogimos el análisis esbozado por un panel del Tribunal de Apelaciones en *Lord Construction v. Mun. San Juan* (caso núm. KLAN202300577), consideramos que los planteamientos formulados en este error no requieren ni ameritan discusión ulterior. Así las cosas, y a la luz de

---

[39] Los casos a los que se refiere la parte apelante en este señalamiento de error son los siguientes: *Lord Construction v. Mun. San Juan* (caso núm. KLAN202300577; caso en que la entidad exenta es la AEE); *Aireko v. Mun. Moca* [caso núm. KLAN201801275; caso en que la entidad exenta es la Compañía de Fomento Industrial (PRIDCO)]; *Suiza Dairy v. Mun. Aguadilla* [caso núm. KLAN201800082; caso analizado en el contexto de la Ley Núm. 225-1995 sobre incentivos contributivos agrícolas]; *Mun. Guánica v. AEELA* [caso núm. KLAN202400062; caso en que la entidad exenta es la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA)].

la totalidad del análisis consignada en la presente *Sentencia* corresponde revocar la *Sentencia* apelada.

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada. En consecuencia, se le ordena a la parte apelada, Municipio Autónomo de Barranquitas, que le reembolse a la parte apelante, Continental Lord, Inc., el monto ascendente a $71,303.49, que esta pagó por concepto de arbitrios de construcción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones